IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., <br><br> Plaintiff, <br><br> v. <br><br> CHCF, et al., <br><br> Defendants. | No. 2:21-CV-00745-TLN-DMC-P <br><br><br> ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action with a civil rights complaint against Defendants CHCF, McClough, and Vang. See ECF No. 1. The Court construed Plaintiff to be alleging an access to courts claim and found Plaintiff's original complaint deficient. See ECF No. 15, pg. 2. The Court found that Plaintiff's complaint suffered from two defects: (1) Plaintiff had not alleged an injury relating to his access to courts claim, and (2) Plaintiff had not sufficiently connected a named Defendant with the alleged deprivation. See ECF No. 15, pg. 2. Plaintiff was given an opportunity to amend in order to allege which Defendant, acting under color of state law, took a specified action that caused which specific constitutional violation, and what actual injury resulted in order to assert an access to courts claim. See id.

///

1

Before the Court's initial screening order addressing the original complaint was docketed, Plaintiff filed a first amended complaint. ECF No. 14. Shortly thereafter, Plaintiff filed another first amended complaint. See ECF No. 16. Both documents are nearly identical. Plaintiff names as Defendants (1) Doctor Iqbal, (2) Doctor A. Carrillo, and (3) Doctor DoValle. See ECF No. 16, pg. 2. All Defendants are Psychiatrists at the California Health Care Facility. See id. Plaintiff brings one claim under the Eighth Amendment for deliberate indifference to Plaintiff's serious medical safety and failure to protect him from the harmful side effects of anti-psychotic medications prescribed by Defendants. See ECF No. 16, pg. 3.

The first amended complaints do not reference the claims asserted in the original complaint and, consequently, fail to cure the defects in those claims previously addressed by the Court. Neither the new defendants nor the new claims may be properly joined in this action.[1] See Fed. R. Civ. P. 18(a), 20(a)(2). If Plaintiff wishes to pursue unrelated claims against additional defendants, he must pursue them in a separate action. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Thus, the Court will provide Plaintiff one final opportunity to file a first amended complaint that addresses and cures only those deficiencies noted in the Court's screening order at ECF No. 15. The first amended complaints at ECF Nos. 14 and 16 will be stricken from this docket.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaints, ECF No. 14 and 16, are stricken; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: December 20, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Fed. R. Civ. P. 18(a) provides the controlling principle that "'[a] party asserting a claim . . . may join, [ ] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine [but] [u]nrelated claims against different defendants belong in different suits, not only to prevent [chaos] but also to ensure that prisoners pay the required filing fees. . . ." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).